UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELINDA S.,[1]

                               Plaintiff,                 Case # 20-CV-6976-FPG

v.                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

## INTRODUCTION

In December 2017, Plaintiff Melinda S. protectively filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), alleging disability beginning on November 29, 2017, due to multiple physical and mental impairments. Tr.[2] 167-73. The Social Security Administration ("SSA") denied her claim, Tr. 84-89, and Plaintiff filed a timely request for a hearing. Tr. 93-94.

Plaintiff appeared and testified at a hearing before Administrative Law Judge Deidre R. Horton (the "ALJ") on December 9, 2019. Tr. 31-69. The ALJ issued an unfavorable decision on December 26, 2019. Tr. 15-26. Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 11. For the reasons that follow, Plaintiff's motion is GRANTED,

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I.      District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education,

and work experience.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 17.  At step two, the ALJ concluded that Plaintiff had the following severe impairments: bilateral knee arthritis; carpal tunnel syndrome; osteoarthritis; fibromyalgia; degenerative disc disease of the lumbar spine; and obesity.  Tr. 18-20.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 20.  Next, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[4] except, *inter alia*, that she could frequently hand and finger, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ropes, ladders, and scaffolds.  Tr. 20-25.

At step four, the ALJ found that Plaintiff could perform past relevant work as a receptionist, medical records specialist, and residence leasing agent.  Tr. 25-26.  Accordingly, the ALJ concluded that Plaintiff was not disabled.  Tr. 25-26.

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).

## II.    Analysis

Plaintiff argues that (1) the ALJ relied on stale opinions regarding her carpal tunnel[5] and knees, and (2) the ALJ erred in her evaluation of Plaintiff's mental health impairments.  ECF No. 10-1 at 1.  Because the Court agrees with Plaintiff's first argument with respect to her knees, it declines to address the remaining arguments.

Consultative evaluator Alan Chu, D.O., reported in a February 9, 2018 opinion that, *inter alia*, that Plaintiff "[u]sed no assistive devices."  Tr. 431.  Accordingly, Dr. Chu opined that Plaintiff "has a mild restriction for prolonged standing and walking and a moderate restriction for squatting and kneeling."  Tr. 344.  The ALJ found Dr. Chu's opinion to be "somewhat persuasive." Tr. 24.

Similarly, on March 12, 2018, state agency evaluator A. Periakaruppan, M.D., observed that Plaintiff had normal gait, could walk on heels and toes without difficulty, and could rise from a chair without difficulty.  Tr. 80.  As a result, Dr. Periakaruppan opined that Plaintiff could occasionally climb, balance, stoop, kneel, crouch, and crawl, and could stand or walk for six hours a day.  Tr. 78-79.  The ALJ found Dr. Periakaruppan's opinion to be "persuasive."  Tr. 24.

However, as the ALJ acknowledged, by July 2019, Plaintiff had been prescribed and was using a cane.  Tr. 23.  The ALJ noted that Plaintiff was using a cane during the hearing but "was not using any assistive device during the consultative evaluation."  Tr. 23.  Despite the ALJ's acknowledgment that Plaintiff's apparent need to use a cane was new, she did not adjust her treatment of the opinion evidence, or the ultimate RFC, to account for the cane.

---

[5] Plaintiff argues that the ALJ relied on opinions issued before Plaintiff's carpal tunnel release surgery and that Plaintiff's carpal tunnel condition worsened after the surgery.  The Court will only address the opinions with respect to Plaintiff's knee issues.

In other words, the opinions from Dr. Chu and Dr. Periakaruppan—neither of which incorporated Plaintiff's use of a cane—were stale in light of the ALJ's acknowledgment at the hearing that Plaintiff used a cane.  "While the mere passage of time does not necessarily render a medical opinion outdated or stale, subsequent surgeries and treatment notes indicating a claimant's condition has deteriorated may."  *Moon v. Comm'r of Soc. Sec.*, No. 17-CV01312-MAT, 2019 WL 2240235, at *6 (W.D.N.Y. May 24, 2019) (ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition"); *Carney v. Berryhill*, No. 16-CV-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017) ("A medical opinion may be stale if it does not account for the claimant's deteriorating condition.").  "A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age."  *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018) (concluding that ALJ's decision incorporating opinion from source rendered before surgeries and before condition worsened was not based on substantial evidence).

Here, the ALJ seemed to accept Plaintiff's use of a cane, without further analysis, and acknowledged that Plaintiff began needing to use a cane only *after* Dr. Chu and Dr. Periakaruppan rendered their decisions.  Tr. 23.  In other words, the ALJ implicitly acknowledged that Plaintiff's knee issues had deteriorated after those sources rendered their opinions.  Therefore, those opinions are stale.

Relying on those stale opinions, the ALJ neglected to address whether the cane was in fact medically necessary.  The regulations require that once medical need for an assistive device has been established, the ALJ must incorporate that device into the RFC.  SSR 96-9P, 1996 WL

374185 (1996).  Because the ALJ never addressed whether the cane was medically necessary, she also failed to incorporate the cane or any resultant limitations into the RFC.

The ALJ's error is not harmless because if the cane was medically necessary, the ALJ should have incorporated it into the RFC.  For example, in *Feringa v. Comm'r of Soc. Sec.*, No. 15-cv-785, 2016 WL 5417403 (N.D.N.Y. Sept. 9, 2016), the court remanded where a cane was approved by medical providers and the consultative evaluator, but the ALJ's RFC did not reflect the additional limitations someone with a cane may have.  The Court explained:

> The ALJ's RFC appears to take into account, in part, the fact that plaintiff uses a cane insofar as he was to avoid climbing scaffolds, ropes, and ladders, and must have a sit/stand option.  However, the RFC does not address additional possible limitations that arise for someone who requires the aid of a cane when ambulating, such as how use of a cane in one's dominant hand may impact his ability to complete some of the duties of light work, such as the ability to carry items weighing up to twenty pounds with one hand while using a cane in the other, and whether the need to use a cane in general could result in additional limitations on light work.

*Id.* at *7.

The ALJ here failed to engage in this analysis.  Nowhere does the ALJ address additional possible limitations that may arise from Plaintiff's use of a cane.  *See Vanever v. Berryhill*, No. 16-CV-1034, 2018 WL 4266058, at *2 (W.D.N.Y. Sept. 6, 2018) ("This error was not harmless.  Once medical need for an assistive device has been established, the ALJ must incorporate that device into the RFC.").

Accordingly, remand is required to evaluate whether the cane was medically necessary and, if so, what, if any, limitations Plaintiff has as a result.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleading, ECF No. 11, is DENIED,

and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 16, 2022
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York